UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RITA WALKER,

                Plaintiff,

v.                                       **DECISION AND ORDER**
                                                      12-CV-116S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,[1]

                Defendant.

      1.      Plaintiff, Rita Walker, challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Walker alleges that she has been disabled since November 2, 2008, and that her impairments render her unable to work. She therefore asserts that she is entitled to supplemental security income ("SSI") under the Act.

      2.      Walker protectively filed an application for SSI on both November 24, 2008 and July 8, 2009. The Commissioner of Social Security ("Commissioner") denied both applications, and as result, she requested an administrative hearing. She received that hearing before ALJ Bruce R. Mazzarella on March 3, 2011. The ALJ considered the case *de novo*, and, on March 24, 2011, he issued a decision denying Walker's application for benefits. Walker filed a request for review with the Appeals Council, but the Council denied that request, prompting her to file the current civil action on February 9, 2009, challenging Defendant's final decision.[2]

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, under Rule 25(d) of the Federal Rules of Civil Procedure, Colvin will be substituted for former Commissioner Michael J. Astrue as the defendant in this suit.

[2] The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

3. On July 8, 2012, Walker filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. The Commissioner followed suit by filing its own motion for judgment on the pleadings two weeks later. Briefing on the motions concluded August 30, 2012, at which time this Court took the motions under advisement without oral argument.  For the reasons set forth below, the Commissioner's motion is denied and Walker's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla"; it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from

the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. Although the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S.

at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Walker has not engaged in substantial gainful activity since November 24, 2008 (R. 25);[3] (2) Walker has two severe impairments – obesity and arthritis of the back (R. 25); (3) Walker does not have an impairment or combination of impairments that meets or medically equals the criteria necessary for finding a disabling impairment under the regulations (R. 26); (4) Walker has no relevant past work (R. 29); and (5) she has the ability to perform the full range of sedentary work (R. 26.) Ultimately, the ALJ concluded that Walker was not under a disability as defined by the Act from November 24, 2008 through the date of the decision. (R. 30.)

10. This Court finds that remand is warranted because it cannot determine, based on the limited and sometimes conflicting evidence before it, whether the ALJ's decision was based on substantial evidence. Indeed, in this Court's view, there is a lack of substantial evidence altogether. That may be because Walker is not truly disabled within the meaning of the Act – and therefore it would follow that there is a lack of evidence supporting her claim. But while it is the claimant's burden "furnish such medical and other

---

[3]Citations to the underlying administrative record are designated "R."

evidence" demonstrating the existence of a disability, 42 U.S.C. § 423(d)(5)(A), this Court finds that Walker has submitted sufficient evidence triggering the ALJ's duty to further develop the record. See 20 C.F.R. § 404.1512(e); see also Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir.1998) (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir.1996)); Ayers v. Astrue, No. 08–CV–69A, 2009 WL 4571840 (W.D.N.Y. Dec.7, 2009) (citing Rebull v. Massanari, 240 F. Supp. 2d 265, 272 (S.D.N.Y. 2002)).[4]

First, according to ALJ Mazzarella, he relied "*primarily*" on the opinion of Dr. Heildelberger, Walker's treating physician. (R. 29.) But while Dr. Heildelberger did find that Walker could perform sedentary work, he also found, in the very same evaluation form, that Walker could not perform her "usual work" or "any other type of work." (R. 268-269.) This inconsistency begs for clarification. See C.F.R. § 404.1512(e) (ALJ is required to recontact a treating physician in order to clarify the physician's opinion when the opinion "contains a conflict or ambiguity that must be resolved"); see also Rosa, 168 F.3d at 80 ("[I]f an ALJ perceives inconsistencies in a treating physician's reports, the ALJ bears an affirmative duty to seek out more information from the treating physician and to develop the administrative record accordingly"); Bialek v. Astrue, No. 11-CV-5220 FB, 2013 WL 316165, at *3 (E.D.N.Y. Jan. 28, 2013) ("[A]ccepting the ALJ's view of the report as internally inconsistent, the ALJ had the responsibility to develop the record to resolve this inconsistency.").

Second, the ALJ recognized that Walker had an MRI performed in January 2011

---

[4] Effective March 26, 2012, C.F.R. § 404.1512 was amended and sub-paragraph "(e)" was removed. 77 Fed. Reg. 10651. But this regulation was in effect when this claim was adjudicated and will therefore be applied here. See, e.g., Martello v. Astrue, No. 12–CV–215S, 2013 WL 1337311, at *3 n. 3 (W.D.N.Y. March 29, 2013). See, e.g., Cosnyka v. Colvin, 12-CV-666S, 2013 WL 3353969, at *4 n. 5 (W.D.N.Y. July 3, 2013).

that showed abnormalities and disc bulging in her spine. Yet, there is no medical opinion in the record interpreting those images. And the ALJ simply dismissed the MRI as "non-severe" and found that "it cannot be relied on to establish significant interference of at least 12 continuous months with the claimant's ability to perform basic work activities." (R. 25.) Neither he, nor the Commissioner in its argument before this Court, adequately explain why this MRI – which may reveal a chronic condition – is of no value. The Commissioner should "try to obtain additional evidence" regarding this MRI.

Ultimately, after attempting to obtain additional evidence and clarification, Walker may still be considered not disabled. But any decision made before then would be premature.

****

IT HEREBY IS ORDERED, that Walker's Motion for Judgment on the Pleadings (Docket No. 7) is GRANTED.

FURTHER, that the Commissioner's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner for proceedings consistent with this Decision.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated: September 30, 2013
       Buffalo, New York

                                                     /s/William M. Skretny
                                                   WILLIAM M. SKRETNY
                                                          Chief Judge
                                          United States District Court